## Solá v. El Registrador de la Propiedad.

Recurso gubernativo contra nota del Registrador de la

Propiedad de Caguas.

No. 4.    Resuelto en Marzo 25, 1905.

COMPETENCIA.—SUMISIÓN EXPRESA Ó TÁCITA DE LAS PARTES.—Es un principio general, en materia de competencia, que para conocer de los pleitos á que dé origen el ejercicio de las acciones de todas clases, es Juez competente aquél á quien los litigantes se sometan expresa ó tácitamente, siempre que tenga jurisdicción para conocer de la misma clase de negocios y en el mismo grado, principio sancionado por los artículos 76 y 77 del nuevo Código de Enjuiciamiento Civil.

ID.—DECLARATORIA DE HEREDEROS.—De acuerdo con la anterior doctrina, una Corte de Distrito es competente para conocer y aprobar una declaratoria de herederos promovida ante la misma, aunque el domicilio del finado no estuviere comprendido en su Distrito, ni estuvieren radicados en él los bienes inmuebles de la herencia.

ID.—DEFECTO SUBSANABLE.—En el testimonio de una declaratoria de herederos, librado á los efectos de su inscripción en el Registro, deberá expresarse si dicho auto es ó no firme, y la omisión de este requisito en dicho testimonio, constituye un defecto subsanable, que no impide la inscripción del mismo en el Registro.

### EXPOSICIÓN DEL CASO.

*Visto* el presente recurso gubernativo interpuesto por el Abogado Don Rafael Arce Rollet á nombre de Don Celestino Solá Rodriguez y Da. Juana y Don José Domingo Solá y López contra negativa del Registrador de la Propiedad de Cáguas á inscribir una declaratoria de herederos.

*Resultando* que declarado por el Juez de Distrito de Guayama herederos abintestato de Da. Natalia López Aponte su esposo Don Celestino Solá y Rodriguez y sus legítimos hijos Da. Juana y Don José Solá y López en la forma y proporción que determina el vigente Código Civil, presentaron éstos en el Registro de la Propiedad de Cáguas una certificación expedida por el Secretario de la Corte de Distrito de Guayama del auto de declaración de herederos para su inscripción en el referido Registro de

la Propiedad la que denegó el Registrador por los motivos que expresa la nota que puso al dorso de la certificación mencionada, la que copiada á la letra dice así:

"No admitida la inscripción del precedente documento y tomada en su lugar anotación preventiva con presencia de un escrito por ciento veinte días al fólio 17 del tomo 21 de este Ayuntamiento, finca 95 triplicado, anotación letra B. por adolecer la resolución inserta en el anterior testimonio del defecto insubsanable de no haber sido dictada por la Corte de Distrito de Humacao, la cual es competente para sustanciar los procedimientos objeto de la acción que radiquen en su distrito, según el art. 75 del Código de Enjuiciamiento Civil, toda vez que la intestada Da. Natalia López Aponte y sus herederos tenían su domicilio en este Distrito, y en donde también radican los bienes inmuebles de la herencia, á los cuales afecta el procedimiento sobre declaratoria lde herederos que se trata de inscribir: no siendo competente la Corte de Guayama para sustanciar tal declaratoria de herederos sino en los casos de presentación ó cambio del procedimiento para esta Corte, taxativamente previstas y determinadas en el citado Código, no aplicables en el presente, y aún siempre para que tal procedimiento ide declaratoria de herederos pudiera afectar los bienes inmuebles expresados, habría de cumplirse lo prevenido en el art. 86 del citado Código; adoleciendo además dicho testimonio del defecto subsanable de no constar del mismo que haya quedado firme dicha resolución de declaratoria, sin haberse interpuesto contra la misma recurso alguno."

*Resultando* que contra esta nota interpuso en tiempo ante este Tribunal Supremo el abogado D. Rafael Arce Rollet á nombre de D. Celestino Solá Rodriguez y Doña Juana y D. José Domingo Solá y López el presente recurso gubernativo para que se revoque la resolución del Registrador de la Propiedad de Cáguas y se le ordene que practique la inscripción del documento así como que reintegre á los recurrentes del importe de los sellos de Rentas Internas inutilizados en la nota denegatoria, de los gastos de franqueo y honorarios del escrito de interposición del recurso y de cualquier otro gasto que ocurra, ya que de todo ello es responsable por virtud de su infundada negativa á la inscripción solicitada.

Abogado del recurrente: *Sr. Arce.*

EL JUEZ PRESIDENTE SR. QUIÑONES, después de exponer los hechos anteriores, emitió la opinión del Tribunal.

*Considerando* que es principio general en materia de competencia, que es Juez competente para conocer de los pleitos á que dé origen el ejercicio de las acciones de todas clases, aquél á quien los litigantes se sometan expresa ó tácitamente siempre que tenga jurisdicción para conocer de la misma clase de negocios y en el mismo grado, y que este principio que establecía la antigua Ley de Enjuiciamiento Civil en su art. 56, ha sido reproducido por el nuevo Código de Enjuiciamiento Civil en sus artículos 76 y 77 al disponer el primero "que con arreglo á su jurisdicción una Corte conocerá de los pleitos á que dé orígen el ejercicio de las acciones de todas clases cuando las partes hubieren convenido en someter dicho pleito á la decisión de tal Corte" y el segundo que "se entenderá hecha la sumisión: 1o. por convenio escrito de las partes; 2o. por el demandante en el mero hecho de acudir á la Corte interponiendo la demanda y 3o. por el demandado en el hecho de hacer, después de personado en el juicio, cualquiera gestión que no sea la de pedir que el juicio se celebre en la Corte correspondiente."

*Considerando* por tanto que habiendo acudido al Juez de Distrito de Guayama los promoventes de la declaración de herederos de la difunta Da. Natalia López Aponte, sin que esta solicitud haya sido impugnada por persona alguna debe estimarse competente el expresado Juez de Guayama para dictar la declaratoria de herederos de que se trata, la que por reunir los requisitos de los artículos 2 y 3 de la Ley Hipotecaria, es un título inscribible en el Registro de la Propiedad.

*Considerando* que si bien la certificación presentada no

expresa si el auto de declaración de herederos quedó ó no firme, este es un defecto subsanable que no impide la inscripción del documento á tenor de lo que ordena sobre el particular la Ley de la Asamblea Legislativa de esta Isla de 1o. de Marzo de 1902, sobre recursos contra las resoluciones de los Registradores de la Propiedad.

*Considerando* que no hay méritos para calificar de temeraria la negativa del Registrador de la Propiedad de Cáguas á inscribir las certificaciones de que se trata.

*Vistas* las disposiciones legales citadas y las resoluciones de la Dirección General de los Registros de veinte y dos de Enero de mil ochocientos ochenta y seis y nueve de Mayo de mil ochocientos ochenta y nueve.

*Se revoca* la nota puesta por el Registrador de la Propiedad de Cáguas al pié de la certificación de referencia, declarándose que dicho documento es inscribible y que debe el Registrador inscribirlo, con el defecto subsanable que contiene, sin especial condenación de costas; y devuélvase al Registrador el documento presentado con copia de la presente resolución para su cumplimiento y demás efectos procedentes.

Jueces concurrentes: Sres. Hernández, Figueras y MacLeary.

El Juez Asociado Sr. Wolf no tomó parte en la discusión de este caso.